UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET MITCHELL, as parent of her minor daughter, F.R., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CV-05-2-B-W |
| CARLOS BONES, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

In violation of state criminal law, Carlos Bones, a police officer for the Pleasant Point Passamaquoddy Tribal Government, used his law enforcement position to threaten a 13 to 14 year old girl and force her to engage in sexual activity. Mr. Bones has been defaulted for failure to appear or otherwise defend this civil action, which seeks to recover damages for the harm his actions caused. Following an evidentiary hearing, this Court awards $300,000.00 in compensatory and $100,000.00 in punitive damages in favor of Plaintiff and against the Defendant.

**I. Background**

On January 6, 2005, Margaret Mitchell initiated suit on behalf of a minor, F.R., against Defendant Carlos Bones, alleging that, while acting as a police officer for the Pleasant Point Passamaquoddy Tribal Government, he had sexually assaulted F.R..[1] Ms. Mitchell is proceeding under three counts: 1) Count I – a violation of 42 U.S.C. § 1983; 2) Battery; and, 3) Intentional Infliction of Emotional Distress. Mr. Bones was served on January 31, 2005, but he failed to

---

[1] The original law suit had included the Pleasant Point Passamaquoddy Tribal Government as a co-defendant; however, the Tribal Government was dismissed on July 5, 2005 upon Plaintiff's unopposed motion. (Docket # 12, 13).

appear or otherwise defend the action. (Docket # 6). On March 21, 2005, this Court ordered Ms. Mitchell to show cause and on March 22, 2005, Ms. Mitchell moved for entry of default against Mr. Bones. (Docket # 9, 10). On March 23, 2005, the Clerk entered a default against Mr. Bones. (Docket # 11). On August 2, 2005, the matter was set for evidentiary hearing on damages. (Docket # 18). Notice was given to Mr. Bones of the scheduled hearing, but he failed to respond. (Docket # 18). The evidentiary hearing on damages took place on September 1, 2005.

The evidence at the hearing established that while employed as a police officer for the Tribe, Mr. Bones used his authority as an officer to force her to engage in sexual conduct. He threatened her with a police dog if she refused and used his police cruiser to drive her to his residence where some of the sexual activity took place. The sexual conduct occurred on three separate occasions when F.R. was thirteen to fourteen years old. Shortly after the commencement of the investigation, Mr. Bones arrived in uniform at F.R.'s home, proceeded upstairs to her room, physically dragged her into the hall, and threatened her, if she told the police the truth. Mr. Bones flashed his badge and pointed to his firearm, which F.R. sensibly interpreted as a convincing threat of serious physical injury. Mr. Bones was charged and convicted in state court of three counts of Sexual Abuse of a Minor and is now incarcerated.

F.R. has suffered from Mr. Bones' sexual abuse. For a period following the initiation of the investigation, she physically removed herself from Mr. Bones, who was living just five apartments down from her home, and she went to live with her grandmother. After Mr. Bones was charged, she again moved away, due to her fear of Mr. Bones, this time to be under the protection of her uncle. After Mr. Bones was convicted, F.R. was required to testify for approximately two hours at his sentencing and became physically ill during that testimony.

Now, nearly two years after the incidents, F.R. finds it difficult to discuss what happened even with her mother or her counselor; she became visibly upset during the evidentiary hearing, when discussing her recovery in only the most general terms. F.R., like many young teens, has been dealing with more than one issue; some predate Mr. Bones' actions. This Court has had some difficulty separating out the impact of Mr. Bones' actions as against unrelated matters. In any event, fortunately, according to recent Pupil Evaluation Team (PET) meeting minutes, F.R. has been "doing a good job academically, she seems to enjoy socializing with her peers, and there have been no significant behavior problems." *Pl.'s Ex.* 2 at 2. Nevertheless, Mr. Bones' criminal actions against F.R., under the guise and authority of a law enforcement officer and as a near neighbor, represent a severe and inexcusable breach of trust and position and have had a substantially deleterious impact on her. Having had the opportunity to evaluate F.R. and assess the impact of Mr. Bones' actions, this Court awards Three Hundred Thousand Dollars ($300,000.00) in compensatory damages.[2]

Ms. Mitchell also claims the right to punitive damages. Punitive damages may be awarded under § 1983 for "extreme and outrageous" conduct. *Poy v. Boutselis,* 352 F.3d 479, 485 (1st Cir. 2003)(punitive damages award under § 1983 against a police officer for physical assault upheld). Under *Smith v. Wade,* 461 U.S. 30 (1982), the defendant's conduct must be shown to be "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* at 56; *see Dimarco-Zappa v. Cabanillas*, 238 F.3d 25, 37 (1st Cir. 2001). The First Circuit further refined this standard by holding that "punitive damages are reserved for instances where the defendant's conduct is 'of the sort that calls for deterrence and punishment over and above that provided by compensatory

---

[2] Plaintiff introduced no evidence of any out of pocket expenses, medical or counseling bills, or other special damages.

damages.'" *Davet v. Maccarone,* 973 F.2d 22, 27 (1st Cir. 1992)(quoting *Hernandez-Tirado v. Artau,* 874 F.2d 866, 869 (1st Cir. 1989)).

Regarding the state law counts, punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied. *Palleschi v. Palleschi,* 1998 ME 3 ¶ 6, 704 A.2d 383, 386 (punitive damages award upheld against husband in physical and sexual abuse of wife); *Tuttle v. Raymond,* 494 A.2d 1353, 1362 (Me. 1985). It is difficult to imagine a case where the imposition of punitive damages under either the § 1983 or Maine state standard would be more appropriate. *See Doe v. Manson,* No. 99-262-P-DMC, 2000 U.S. Dist. LEXIS 8997 (D. Me. June 22, 2000)(punitive damages awarded against school teacher for sexual assault against twelve year old student). This Court awards the Plaintiff $100,000.00 in punitive damages.[3]

**II.     Conclusion**

Judgment shall enter in favor of the plaintiff and against the defendant in the amount of $300,000.00 in compensatory damages and $100,000.00 in punitive damages.

---

[3] In assessing punitive damages, this Court has considered the high degree of reprehensibility of Defendant's conduct, including the misuse of his law enforcement office – the police cruiser, police dog, his badge, and his firearm – to impress and threaten this young girl both before and after the incidents and to violate the law he swore to uphold. It has also considered F.R.'s youth, the repetitious nature of Mr. Bones' sexual abuse, and the need to impose a monetary deterrence and punishment. Other than his prior employment as a police officer for the Tribe and his current incarceration, there is no evidence of his financial worth. While punitive damages may be limited based on the net worth of the defendant, the burden rests on the defendant to show his financial circumstances warrant a limitation. *Tapalian v. Tusino,* 377 F.3d 1, 8 (1st Cir. 2004); *Brown v. Freedman Baking Co., Inc.*, 810 F.2d 6, 11 (1st Cir. 1987); *Fishman v. Clancy*, 763 F.2d 485, 490 (1st Cir. 1985)(citing *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir. 1978)("[T]he decided cases and sound principle require that a defendant carry the burden of showing his modest means – facts peculiarly within his power- if he wants this considered in mitigation of damages."). A similar rule pertains under Maine law. *See Ferrell v. Cox,* 617 A.2d 1003, 1008 (Me. 1992)("Under Maine law, it is not essential for a plaintiff to present evidence of a defendant's financial circumstances before (a fact-finder) may consider punitive damages."); *Saunders v. VanPelt*, 497 A.2d 1121, 1127 (Me. 1985)(rejecting defendant's contention that absent evidence of net worth punitive damages may not be awarded).

SO ORDERED.

                                            /s/ John A. Woodcock, Jr.
                                            JOHN A. WOODCOCK, JR.
                                            UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2005